UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT WILHELM,<br><br>            Plaintiff,<br><br>      v.<br><br>ROMEO POWER, INC., SUSAN BRENNAN, LAUREN WEBB, ROBERT MANCINI, PHILIP KASSIN, DONALD GOTTWALD, LAURENE HORISZNY, TIMOTHY STUART, and PAUL WILLIAMS,<br><br>            Defendants. | Case No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Robert Wilhelm ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE AND SUMMARY OF THE ACTION**

1.      This is a stockholder action brought by Plaintiff against Romeo Power, Inc. ("Romeo" or the "Company") and the members of Romeo's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the Board's attempt to sell Romeo to Nikola Corporation ("Nikola") (the "Proposed Transaction").

2. On July 30, 2022, Romeo entered into an Agreement and Plan of Merger and Reorganization with Nikola and J Offeror Corp. ("Offeror"). Pursuant to the terms of the Merger Agreement, Nikola will acquire Romeo in exchange for 0.1186 of a share of Nikola common stock per share of Romeo common stock, via a tender offer (the "Tender Offer"). Pursuant to the Merger Agreement, Offeror commenced the Tender Offer on August 29, 2022.

3. On August 29, 2022, the Board authorized the filing of the materially incomplete and misleading Schedule 14D-9 Solicitation/Recommendation Statement (the "Recommendation Statement") with the SEC. Specifically, the Recommendation Statement, which recommends that Romeo stockholders tender their shares in the Tender Offer, contains materially incomplete and misleading information concerning, among other things: (i) the financial projections for the Company and Nikola; and (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor, Morgan Stanley & Co., LLC ("Morgan Stanley").

4. The failure to adequately disclose such material information constitutes a violation of Sections 14(d), 14(e) and 20(a) of the Exchange Act as Romeo stockholders need such information in order to make a fully informed decision in connection with the Tender Offer.

5. The Tender Offer is currently scheduled to expire at Midnight (End of Day), Eastern Time, at the end of September 26, 2022. It is imperative that such Exchange Act violations are promptly cured to enable Plaintiff and Romeo's other shareholders to make an informed decision whether to tender their shares in the Tender Offer. Therefore, Plaintiff seeks to enjoin the expiration of the Tender Offer unless and until such Exchange Act violations are cured.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant

to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District. Romeo's common stock trades on the New York Stock Exchange, which is headquartered in this District, rendering venue in this District appropriate.

## THE PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of shares of Romeo common stock.

10. Defendant Romeo is a Delaware corporation, with its principal executive offices located at 5560 Katella Avenue, Cypress, California 90630. Romeo's shares trade on the New York Stock Exchange under the ticker symbol "RMO."

11. Defendant Susan Brennan has been President, Chief Executive Officer and a director of the Company at all relevant times.

12. Defendant Lauren Webb has been a director of the Company at all relevant times.

13. Defendant Robert Mancini has been Chairman of the Board and a director of the Company at all relevant times.

14. Defendant Philip Kassin has been a director of the Company at all relevant times.

15. Defendant Donald Gottwald has been a director of the Company at all relevant times.

16. Defendant Laurene Horiszny has been a director of the Company at all relevant times.

17. Defendant Timothy Stuart has been a director of the Company at all relevant times.

18. Defendant Paul Williams has been a director of the Company at all relevant times.

19. Defendants identified in paragraphs 11-18 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background of the Company

20. Founded in 2014, Romeo is an energy storage technology company that designs and manufactures lithium-ion battery modules and packs for vehicle electrification in North America. The Company designs and manufactures battery modules, battery packs, and battery management system technologies and provides non-recurring engineering services, such as design, prototype, and testing services. Romeo serves commercial electric vehicle manufacturers, electric powertrain converters, electric watercraft manufacturers, fleet operators, and automobile, and recreational vehicle manufacturers.

### The Proposed Transaction

21. On August 1, 2022, Romeo announced that it had entered into the Proposed Transaction, stating, in relevant part:

> PHOENIX, Aug. 1, 2022 /PRNewswire/ -- Nikola Corporation (NASDAQ: NKLA), and Romeo Power, Inc. (NYSE: RMO), today announced they have entered into a definitive agreement in which Nikola, a global leader in zero-emissions transportation and energy infrastructure solutions, will acquire Romeo, an energy technology leader delivering advanced electrification solutions for complex commercial vehicle applications, in an all-stock transaction. The

proposed exchange ratio implies a consideration of $0.74 per Romeo share and represents an approximately 34% premium to Romeo's July 29, 2022 closing share price and values 100% of Romeo's equity at approximately $144 million.

Nikola's acquisition of Romeo Power is an important strategic move for Nikola with minimal capital outlay that will bring Romeo's deep battery and BMS engineering capabilities in-house.  It is expected to accelerate Nikola's product development, increase range and charge rates, and improve customer experiences.

Nikola's acquisition of Romeo Power is an important strategic move for Nikola with minimal capital outlay that will bring Romeo's deep battery and BMS engineering capabilities in-house.  It is expected to accelerate Nikola's product development, increase range and charge rates, and improve customer experiences.

Headquartered in Cypress, California, Romeo is an energy storage technology company focused on designing and manufacturing lithium-ion battery modules and packs for commercial vehicle applications.  As Romeo's largest customer, Nikola expects the acquisition will allow for significant operational improvement and cost reduction in battery pack production.  The addition of Romeo's battery and battery management system (BMS) engineering capabilities are also expected to support accelerated product development and improved performance for Nikola customers.

"Romeo has been a valued supplier to Nikola, and we are excited to further leverage their technological capabilities as the landscape for vehicle electrification grows more sophisticated.  With control over the essential battery pack technologies and manufacturing process, we believe we will be able to accelerate the development of our electrification platform and better serve our customers," said Mark Russell, Nikola's Chief Executive Officer.  "Given our strong relationship with Romeo and ongoing collaboration, we are confident in our ability to successfully integrate and deliver the many expected strategic and financial benefits of this acquisition.  We look forward to creating a zero-emissions future together."

Robert Mancini, Romeo Power's Chairman of the Board of Directors, added, "As Romeo's largest customer, Nikola has been a cornerstone of our development and growth, and this is a natural evolution of our relationship.  Our products provide critical energy density important to heavy-duty vehicles, combined with safety performance and battery management software.  Following an extensive review of alternatives, we firmly believe that this combination offers the best opportunity for Romeo shareholders to participate in the ongoing value creation at a larger scale, stronger combined company.  It is exciting to see Romeo joining the Nikola family."

**Compelling Strategic Rationale**

- Vertical integration and single product focus will drive significant operational improvement and cost reduction for one of the most expensive components of the bill of materials

- Integrated commercial vehicle electrification platform is expected to lead to manufacturing excellence and expected annual cost savings of up to $350 million by 2026; reduce non-cell related battery pack costs by 30-40% by the end of 2023

- An important strategic move for Nikola with minimal capital outlay that will bring Romeo's deep battery and BMS engineering capabilities in-house; expected to accelerate Nikola's product development, increase range and charge rates, and improve customer experiences

- Provides Nikola with domestic battery pack manufacturing capability, complementing Nikola's commitment to dual-source battery pack strategy to satisfy capacity needs

- Romeo has proven battery pack technologies and a significant battery cell supply agreement in place

- Nikola is Romeo's largest production customer, and the parties have strong ongoing engineering collaboration

**Exchange Offer**

The transaction has been approved by the Boards of Directors of both companies. Under the terms of the agreement, Nikola will commence an exchange offer to acquire all of the outstanding shares of Romeo common stock. Under the terms of the agreement, Romeo stockholders will receive 0.1186 of a share of Nikola common stock for each Romeo share, representing an equity value of approximately $144 million and 4.5% pro forma ownership of Nikola. The transaction is expected to be completed by the end of October 2022, subject to the tender by Romeo's stockholders of shares representing a majority of the outstanding Romeo common stock, and customary closing conditions, including regulatory approval. Upon the successful completion of the exchange offer, a newly-formed subsidiary of Nikola will be merged into Romeo, and any remaining shares of Romeo common stock that were not tendered in the exchange offer will be canceled and converted into the right to receive the same consideration payable in the exchange offer.

**Interim Liquidity Support**

Nikola has agreed to provide Romeo with $35 million in interim funding to facilitate continued operations through closing. Funding will consist of $15 million in senior secured notes and up to $20 million for a pack delivery incentive which is a temporary price increase for each pack delivered through expected transaction close. Additional liquidity support is available in the event the transaction closing is delayed.

**The Materially Incomplete and Misleading Recommendation Statement**

22.     On August 29, 2022, the Board caused to be filed a materially incomplete and misleading Recommendation Statement with the SEC. The Recommendation Statement, which recommends that Romeo stockholders tender their shares in the Tender Offer, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning, among other things: (i) the financial projections for the Company and Nikola; and (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor, Morgan Stanley.

*Material Misrepresentations and/or Omissions Concerning the Financial Projections for the Company and Nikola*

23.     The Recommendation Statement fails to disclose material information concerning the financial projections for the Company and Nikola.

24.     For example, for each of the Company's "Case A" and "Case B" financial projections, the Recommendation Statement fails to disclose the line items underlying the calculation of: (i) EBITDA; and (ii) Free Cash Flow. In addition, the Recommendation Statement fails to disclose the Company's unlevered free cash flows for the nine and one-half year period from the second half of 2022 to 2031 and the terminal value for the Case B financial projections utilized by Morgan Stanley in connection with its *Discounted Cash Flow Analysis*, and the underlying line items. *See* Recommendation Statement at 30.

25.     The Recommendation Statement also fails to disclose a quantification of the assumptions underlying the Company's "Case A" and "Case B" financial projections, including with respect to:

> the growth rates of Romeo's revenues and expenses, taking into consideration the rate of adoption of electric vehicles, the Company's rate of market share growth, the impact of pricing of the Company's products on its revenues and revenue growth rates, the rate and pace of product cost reduction activities, the uncertainties

of the global economic recovery from the COVID-19 pandemic, and the outlook of the energy industry[.]

*See id.* at 34.

26. The Recommendation Statement further fails to disclose a summary of any financial projections for Nikola relied upon by the Board or Romeo in connection with the Proposed Transaction or Morgan Stanley in connection with its fairness opinion.

*Material Misrepresentations and/or Omissions Concerning Morgan Stanley's Financial Analyses*

27. The Recommendation Statement also fails to disclose material information concerning Morgan Stanley's financial analyses.

28. With respect to Morgan Stanley's *Discounted Cash Flow Analysis*, in addition to the unlevered free cash flows utilized in the analysis, the Recommendation Statement, fails to disclose a quantification of: (i) the terminal values for the Company; (ii) the present value of existing and expected to be created tax attributes; (iii) the inputs and assumptions underlying the discount rate range of 13.1% to 15.1%; (iv) the Company's fully-diluted outstanding shares; and (v) Romeo's cash and debt as of June 30, 2022.

29. With respect to Morgan Stanley's *Discounted Equity Value Analysis*, the Recommendation Statement, fails to disclose a quantification of: (i) the individual multiples for the Established Driveline peers; (ii) the inputs and assumptions underlying the discount rate range of 13.1% to 15.1%; (iii) the Company's projected net cash; and (iv) the Company's projected fully-diluted outstanding shares.

30. With respect to Morgan Stanley's *Public Trading Comparables Analysis*, the Recommendation Statement fails to disclose the individual financial metrics for each of the companies analyzed by Morgan Stanley.

31. With respect to Morgan Stanley's analysis of recent broker price targets for Romeo, the Recommendation Statement fails to disclose: (i) the individual price target observed; and (ii) the sources thereof.

32. With respect to Morgan Stanley's review of the premia of selected comparable transactions, the Recommendation Statement fails to disclose: (i) the transactions analyzed; and (ii) the individual premiums observed for each transaction.

33. In sum, the omission of the above-referenced information renders statements in the "Certain Unaudited Prospective Financial Information" and "Opinion of the Company's Financial Advisor," sections of the Recommendation Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other stockholders of Romeo will be unable to make a sufficiently informed decision in connection with the Tender Offer and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

### Claims Against All Defendants for Violations of Section 14(d) of the Exchange Act and SEC Rule 14d-9 Promulgated Thereunder

34. Plaintiff repeats all previous allegations as if set forth in full.

35. Defendants have caused the Recommendation Statement to be issued with the intention of soliciting Romeo stockholders to tender their shares in the Tender Offer.

36. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

37. Section 14(d)(4) of the Exchange Act states:

> Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance

with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

38. SEC Rule 14d-9 sets forth, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

39. Item 8 of Schedule 14D-9 requires a company's directors to "[f]urnish such additional material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

40. The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Recommendation Statement false and/or misleading.

41. Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Recommendation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Recommendation Statement, rendering certain portions of the Recommendation Statement materially incomplete and therefore misleading.

42. The misrepresentations and omissions in the Recommendation Statement are material to Plaintiff and the other stockholders of Romeo, who will be deprived of their right to make an informed decision whether to tender their shares if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer. Plaintiff has no adequate remedy at

law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

43. Plaintiff repeats all previous allegations as if set forth in full.

44. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation." 15 U.S.C. § 78n(e).

45. Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement to Romeo stockholders in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading.  Specifically, the Recommendation Statement misrepresented and/or omitted material facts concerning the financial projections for the Company and Nikola and Morgan Stanley's financial analyses.

46. Defendants knew that Plaintiff would rely upon their statements in the Recommendation Statement in determining whether to tender his shares pursuant to the Tender Offer.

47. As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares.

## COUNT III

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

48. Plaintiff repeats all previous allegations as if set forth in full.

49. The Individual Defendants acted as controlling persons of Romeo within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Romeo, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

50. Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

51. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Recommendation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Recommendation Statement.

52. In addition, as the Recommendation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Recommendation Statement purports to describe the various issues

and information that they reviewed and considered—descriptions the Company directors had input into.

53. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

54. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e), Section 14(d) and SEC Rule 14d-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Romeo stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Romeo, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the expiration of the Tender Offer, unless and until defendants disclose the material information identified above which has been omitted from the Recommendation Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Recommendation Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.  Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated:  September 8, 2022                                    **ACOCELLI LAW, PLLC**

By  /s/ *Richard A. Acocelli*
Richard A. Acocelli
33 Flying Point Road, Suite 131
Southampton, NY 11968
Tel: (631) 204-6187
Email: racocelli@acocellilaw.com

*Attorneys for Plaintiff*